# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 14, 2000

## HERMAN MAJORS, JR. v. DETECTIVE JAMES SMITH

**Appeal from the Circuit Court for Montgomery County**
**No. C13-909      James E. Walton, Judge**

---

**No. M2000-01430-COA-R3-CV - Filed March 7, 2001**

---

A man indicted for robbing a convenience store was ultimately acquitted of the crime.  He subsequently filed a malicious prosecution suit against the detective who arrested him.  The trial court granted summary judgment to the defendant detective.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Herman Majors, Jr., Only, Tennessee, Pro Se.

David Haines, Clarksville, Tennessee, for the appellee, Detective James Smith.

## OPINION

### I.  TWO ROBBERIES AND A TRIAL

On November 12, 1997, two men attempted to rob an Amoco convenience store in Clarksville.  The police gave chase to two suspects, who crashed after attempting to flee in a pick-up truck.  The truck was later determined to have been stolen from the Montgomery County impound lot.  After police took the men into custody, Detective James Smith was called to the scene.

A wooden handled hatchet was found in the vehicle the suspects had been driving.  Detective Smith and other officers brought the two suspects, Herman Majors, Jr. and Will Stacker, to the Amoco convenience store, where the clerk on duty made a positive identification of both.  She also told the detective that Will Stacker had been carrying some kind of wooden handled object in his right hand during the robbery attempt.  According to the affidavit of Detective Smith, no fingerprints or photos were initially obtained from the suspects because they were very uncooperative and violent.  They were charged and booked.

As it happened, Mr. Majors also matched the description of a suspect in an aggravated armed robbery of a Texaco station that had occurred the day before. Detectives David Crockarell and Tom Kujawa prepared and assembled a photographic line-up, which included a picture of Herman Majors, to show to the clerk at the Texaco station. She immediately identified Mr. Majors as one of the participants in the robbery. Detective Crockarell subsequently told Detective Smith that the clerk had made a positive identification of Mr. Majors from the photo line-up.

James Smith submitted affidavits in support of arrest warrants for Mr. Majors in connection with the robbery of both the Amoco and Texaco stations. The evidence was presented to the Montgomery County Grand Jury, which indicted Herman Majors in both incidents. He went to trial for the aggravated robbery of the Texaco station in March of 1999. Detective Smith testified at the trial. The jury returned a verdict of not guilty. The record does not reveal the final disposition of the indictment in the robbery of the Amoco station, but it does show that Mr. Majors is currently incarcerated in a Tennessee prison.

## II. A Civil Suit

On October 25, 1999, Herman Majors filed an action against James Smith for damages allegedly arising out of his arrest and prosecution for the Texaco robbery. His claims included false arrest, false imprisonment, abuse of process, violations of due process and equal protection, and malicious prosecution. Mr. Majors asked for $2.5 million dollars in compensatory damages and $2.5 million dollars in punitive damages for injuries including "the infliction of pain/suffering, humiliation, mental/emotional distress and embarrassment to the community."

Detective Smith moved the court to dismiss all of the claims against him, except for the malicious prosecution claim, on the ground that those claims were all barred by the one year Statute of Limitations. *See Gray v. 26th Judicial Drug Task Force*, No. 01A01-9609-CV-00218 (Tenn. Ct. App. at Jackson, filed July 8, 1997). On February 11, 2000, the trial court granted the defendant's motion.

On April 17, 2000, Detective Smith filed a Motion for Summary Judgment on the malicious prosecution claim. The motion was accompanied by an Affidavit and by a Statement of Undisputed Material Facts. The affidavit described the circumstances of the arrest and indictment, and denied that Detective Smith harbored any malice or ill-will against Mr. Majors.

Mr. Majors responded to the motion by letter and affidavit. Mr. Majors alleged that the photo line-up that resulted in his identification in the robbery of the Texaco Station was unduly suggestive, that Detective Smith bore some type of personal grudge against him, and that he could prove that the detective lacked probable cause to prosecute him by the use of certain unspecified certified court documents from his criminal trial.

The trial court granted the defendant's motion in an order dated July 11, 2000. The order stated that the court had concluded on the basis of the pleadings submitted by the parties that

Detective Smith had probable cause to arrest Mr. Majors for the Texaco robbery and to file charges against him. This appeal followed.

### III. THE ELEMENTS OF MALICIOUS PROSECUTION

To prevail on a malicious prosecution claim, the plaintiff must prove (1) that a prior suit or judicial proceeding was instituted without probable cause, (2) that the defendant brought the action with malice, and (3) that the action was finally terminated in the plaintiff's favor. *Roberts v. Federal Express Corp.*, 842 S.W.2d 246, 247 (Tenn. 1992).

In the *Roberts* case, supra, our Supreme Court reversed long-standing precedent by ruling that the existence of probable cause was not a question of law to be decided by the court, but a question of fact to be submitted to the jury. 842 S.W.2d at 248. Though he does not cite this case in his brief, Mr. Majors argues that he is entitled to a jury trial, and thus that the trial court erred by granting summary judgment to the defendant.

We note, however, that in order to reach the jury, Mr. Majors first had to overcome the defendant's summary judgment motion. When a defendant files a properly supported summary judgment motion in the trial court, the plaintiff must set forth specific facts as to all the elements of the claim which are refuted in the motion, in order to establish the existence of disputed material facts and to create a genuine issue for resolution by the jury. *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993).

Mr. Major's acquittal on the robbery charge (which is not disputed by the defendant) satisfies one required element of his malicious prosecution claim, but he has not set out specific facts that would preclude summary judgment against him on the other two elements.

Probable cause has been defined as requiring "only the existence of such facts and circumstances sufficient to excite in a reasonable mind the belief that the accused is guilty of the crime charged." 842 S.W.2d at 248. Further, "appraisal of probable cause necessitates an objective determination of the reasonableness of the prosecutor's conduct in light of the surrounding facts and circumstances." *Ibid.* Thus, the question before the court is not whether the accused was really guilty, but rather whether reasonable grounds existed for Detective Smith to believe that he was. *Mullins v. Wells*, 450 S.W.2d 599, 603.

It appears to us that Detective Smith had ample grounds for believing that Mr. Majors was involved in the robbery of the Texaco store. The proof shows that he was called to the scene of an arrest for the robbery of an Amoco convenience store. A hatchet with a wooden handle was found in the vehicle driven by the arrested suspects. The suspects were brought to the store, where the clerk positively identified both of them. In a statement subsequently taken by Detective Smith, the clerk stated that one of the suspects had been holding something inside his coat to give the appearance of having a weapon, and that when she was about to give him the money from the cash register, she noticed some kind of wooden handle in his right hand.

Detective Smith knew that a Texaco convenience store had been robbed the night before, and that a hatchet had been displayed as a weapon in that robbery also. Mr. Majors matched the description of one of the robbers. When a photo line-up was presented to the Texaco clerk, she made a positive identification of Mr. Majors. These facts present sufficient probable cause to support the issuance of an arrest warrant.

The appellant argues that the photo line-up was flawed. If we understand his contention correctly, of the six head and shoulders shots in the line-up, his was the only one shown wearing an orange prison jump suit. While it is at least arguable that such a line-up was unduly suggestive, the undisputed facts show that Detective Smith played no part in assembling the line-up or presenting it to the witness. He was merely informed by Detective Crockarell that the witness had positively identified Mr. Majors, and he took that information to a magistrate for the issuance of an arrest warrant. Thus, although Mr. Majors may have raised a genuine question of material fact as to the legal effect of the line-up, Detective Smith had reasonable grounds under the circumstances present here for believing that Mr. Majors was guilty of the robbery he was investigating.

As for the question of malice, Detective Smith's affidavit states that his actions in regard to the arrest and prosecution of Mr. Majors were pursuant to the discharge of his duties as a Clarksville police officer, that he did not harbor any malice or ill-will towards Mr. Majors, and that he did not know Mr. Majors personally prior to the arrest. Mr. Majors has not stated any facts to refute these assertions, or to support his claim that Detective Smith brought the action against him with a malicious motive.

## IV.

The judgment of the trial court is affirmed. Remand this cause to the Circuit Court of Montgomery County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Herman Majors, Jr.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.